17-1852
United States v. Jeffrey Butler

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A
SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY
FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.
WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST
CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION
"SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY
PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second
Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley
Square, in the City of New York, on the 9th day of May, two thousand eighteen.

PRESENT:  JOHN M. WALKER, JR.,
          DENNIS JACOBS,
                    Circuit Judges,
          MICHAEL P. SHEA,
                    District Judge.*

- - - - - - - - - - - - - - - - - -X
UNITED STATES OF AMERICA,
          Appellee,

          -v.-                                17-1852

JEFFREY BUTLER,

_____

* Judge Michael P. Shea, District Court Judge of the United States District Court
for the District of Connecticut, sitting by designation.

1

- - - - - - - - - - - - - - - - -X

FOR APPELLANT:                          Melissa A. Tuohey, Assistant Federal
                                        Public Defender, <u>for</u> Lisa A. Peebles,
                                        Federal Public Defender, Office of the
                                        Federal Public Defender, Syracuse,
                                        NY.

FOR APPELLEE:                           Rajit S. Dosanjh, Assistant United
                                        States Attorney, <u>for</u> Grant C. Jaquith,
                                        United States Attorney for the
                                        Northern District of New York,
                                        Syracuse, NY.

Appeal from a final judgment and sentence of the United States District Court for the Northern District of New York (D'Agostino, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment and sentence of the district court be **AFFIRMED**.

Defendant-appellant Jeffrey Butler appeals from a June 5, 2017 final judgment of the United States District Court for the Northern District of New York, convicting Butler of receipt and possession of child pornography, in violation of 18 U.S.C. §§ 2252A(a)(2)(A), (a)(5)(B), (b)(1), and (b)(2), and 2256(8)(A), and sentencing him, principally, to eighty-seven months imprisonment. Butler argues on appeal that his sentence is substantively unreasonable because, <u>inter alia,</u> he never physically touched a minor, and he engaged in the offense conduct for less than a year. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

"In examining the substantive reasonableness of a sentence, we review the length of the sentence imposed to determine whether it cannot be located within

the range of permissible decisions." United States v. Matta, 777 F.3d 116, 124 (2d Cir. 2015) (internal quotation marks omitted); see also United States v. Villafuerte, 502 F.3d 204, 206 (2d Cir. 2007) ("Substantive reasonableness involves [assessing] the length of the sentence imposed in light of the factors enumerated under 18 U.S.C. § 3553(a).").[1]   "[O]ur substantive review of a sentence is akin to review under an 'abuse-of-discretion' standard." United States v. Park, 758 F.3d 193, 199 (2d Cir.2014).   Thus, the reviewing court must "take into account the totality of the circumstances, giving due deference to the sentencing judge's exercise of discretion, and bearing in mind the institutional advantages of district courts," and we will "set aside a district court's substantive determination only in exceptional cases." United States v. Cavera, 550 F.3d 180, 189-190 (2d Cir. 2008) (internal quotation marks omitted).   In "the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances." United States v. Perez-Frias, 636 F.3d 39, 43 (2d Cir. 2011) (internal quotation marks omitted).

Butler argues that the district court's reliance on two factors--the need to provide just punishment for the offense and the need to protect the public--fails to consider additional mitigating factors pertaining to "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a).   In particular, Butler emphasizes that he never physically touched a child, he engaged in the conduct for under a year, and suffers from serious mental health and substance abuse issues.   Butler also argues that his sentence fails to account for the unreasonable results created by "all-but-inherent" sentencing enhancements under U.S.S.G. § 2G2.2. United States v. Jenkins, 854 F.3d 181, 189 (2d Cir. 2017).   Accordingly, Butler argues that he should be sentenced to a term of imprisonment no greater than the statutory minimum of sixty months.

None of Butler's arguments are meritorious, and they clash with the record. First, the district court properly weighed all of the 18 U.S.C. § 3553(a) sentencing factors, including express consideration of Butler's personal characteristics and history.

---

[1] Butler does not contend that his sentence is procedurally unreasonable.

Second, while Butler attempts to downplay the serious nature of his crimes, he collected and shared a large number of child pornography videos on peer-to-peer networks, including some videos that are extremely violent and sadistic. See United States v. Aumais, 656 F.3d 147, 157 (2d Cir. 2011) (finding the district court's sentence "'sufficient, but not greater than necessary' to comply with the purposes of § 3553(a) . . . given the violent nature of the images, the number of them, and other considerations" (internal citation omitted)). Additionally, while on supervised release following his arrest for the crimes at issue here, Butler violated the terms of release by possessing, without authorization, a flash drive, internet-capable phone, and a laptop computer, and most troubling, Butler engaged in internet chats with a girl he believed to be a minor.

Third, Butler does not demonstrate acceptance of responsibility for his crimes. Butler stated in his pre-sentence interview that he "did not know the specifics that were on the videos" and that he did not use specific search terms to seek out child pornography. Pre-Sentence Report ¶ 21. Contrary to these assertions, the record demonstrates that Butler admitted to using search terms specifically associated with child pornography; he possessed more child pornography than adult pornography; that (as far back as 2012) his previous wife confronted him for "watching pornography depicting young girls," Presentencing Report at ¶¶ 18, 50; and his girlfriend saw files on an old laptop marked "preteen," id. ¶ 18; see United States v. Broxmeyer, 699 F.3d 265, 295 (2d Cir. 2012) (finding that the defendant's "lack of remorse for, or even appreciation of, the seriousness of the totality of his conduct . . . expanded the range of substantively reasonable sentences to allow the district court to afford adequate specific deterrence and protection of the public").

Butler relies on our precedent in Jenkins, 854 F.3d 181 and United States v. Dorvee, 616 F.3d 174 (2d Cir. 2010), to support his argument that his sentence was greater than necessary to serve the purposes of sentencing. However, these cases are largely inapposite. Butler's sentence of 87 months is only 27 months above the mandatory minimum for Count One, and 153 months below the statutory maximum, whereas in Jenkins and Dorvee, the sentences imposed were

4

either just below or at the statutory maximum.   See Aumais, 656 F.3d at 157 (distinguishing the defendant's sentence as being "well short of the statutory maximum" from the sentence in Dorvee).   Further, in contrast to Jenkins, Butler used peer-to-peer file sharing services, and contacted a girl he believed to be a minor while on supervised release.   See Jenkins, 854 F.3d at 190 ("In particular, the government did not claim he used peer-to-peer sharing software, distributed images, or participated in chat rooms devoted to child pornography.   Nor does the government allege that he contacted or attempted to contact a child or that he engaged in any 'sexually dangerous behavior' separate from his crimes of conviction.").

Butler's sentence is substantively reasonable. Accordingly, the final judgment and sentence of the district court is hereby **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK